### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELI E. HARGROVE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | ) Case No. CIV-04-1408-F |
| | ) |
| MILLICENT NEWTON-EMBRY, | ) |
| | ) |
| Respondent. | ) |

### O R D E R

On June 27, 2006, petitioner filed her Notice of Intent to Appeal (doc. no. 22), indicating her intent to appeal from this court's order, entered on June 9, 2006 (doc. no. 20), denying her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court also entered judgment on June 9, 2006 (doc. no. 21).

Pursuant to 28 U.S.C. § 2253, as amended by § 102 of the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner is required to obtain a certificate of appealability ("COA") before appealing a final order in a habeas corpus proceeding. Section 2253(c)(2) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The court incorporates the deferential standard of 28 U.S.C. § 2254(d) "into [its] consideration of [the]

habeas petitioner's request for COA."  Dockins v. Hines, 374 F.3d 935, 938 (10th Cir.2004).

Having considered the record in this case, the court concludes that petitioner is not entitled to a COA.   Therefore, a COA is denied.

ACCORDINGLY, IT IS HEREBY ORDERED that:

1.	A certificate of appealability ("COA") is DENIED.

2.	The clerk is directed to send a copy of this Order to the Tenth Circuit Court of Appeals.

ENTERED this 29th day of June, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1408p004.wpd